UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 17-CR-20753
                                          Honorable Thomas L. Ludington

JOSPEH GERALD SMITH,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On February 1, 2018, Defendant Joseph Gerald Smith pled guilty to one count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF No. 20. On June 8, 2018, Defendant was sentenced to 77 months imprisonment. ECF No. 27. On July 9, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing the novel coronavirus ("COVID-19") pandemic and his medical conditions, which include coronary artery disease, ischemic cardiomyopathy, and hypertension.[1] ECF No. 28. Defendant also filed two motions to file his medical history in support of the Motion. ECF Nos. 33, 36. On September 10, 2020, the Motion for Compassionate Release was denied. ECF No. 32. Shortly thereafter, Defendant's remaining motions regarding his medical history were denied as moot. ECF No. 34, 37. Defendant moved for reconsideration on September 21, 2020. ECF No. 38. Due to mailing delays, the Motion for Reconsideration was not docketed until October 17, 2020.

Given the recent COVID-19 outbreak at FMC Lexington and changes in governing law, Plaintiff, the United States of America (the "Government"), was directed on January 22, 2021 to

---

[1] The CDC states that persons suffering from coronary artery disease "are at an increased risk of severe illness from the virus that causes COVID-19." *See People With Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/GCU3-WVYS] (last visited Feb. 1, 2021).

respond to the Motion for Reconsideration. ECF No. 40. The Government responded on January 27, 2021, maintaining that this Court's original denial of compassionate release remains valid. ECF No. 41. Importantly, the Government also represented that "updated BOP medical records indicate that [Defendant] was administered his first dose of the COVID-19 vaccine on January 5, 2021." *Id.* at PageID.241. The Government concludes that "by the time the Court reads the [G]overnment's brief, it is likely that [Defendant] will have already received his second and final dose." *Id.* The Government was directed to file the medical records in question under seal and did so on February 1, 2021. ECF Nos. 42, 43. For reasons stated below, Defendant's Motion for Reconsideration will be denied.

**I.**

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

- 2 -

## II.

As explained in the Order Directing the Government to Respond, there have been two notable developments since Defendant's Motion for Reconsideration was docketed.

First, the Sixth Circuit's recent decisions in *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020), and *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021), have transformed how courts of this circuit address compassionate release motions. In sum, district courts are no longer confined to the considerations outlined in the policy commentary when deciding if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." *See Elias*, 984 F.3d at 519. District courts now have the "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

Second, Federal Medical Center, Lexington ("FMC Lexington"), where Defendant is currently housed, has become the center of a new COVID-19 outbreak. The facility is currently reporting 18 active infections among inmates and five among staff.[2] *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/6V9Y-5HBC] (last visited Feb. 1, 2021).

The question here is whether these developments warrant a different disposition of Defendant's Motion for Compassionate Release. They do not because of a *third* notable development. The medical records filed by the Government reflect that Defendant was recently administered two doses of the Moderna COVID-19 vaccine. ECF No. 43. The second dose was administered on February 1, 2021. *Id.* According to the CDC, the Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials. *See Information About the*

---

[2] While still significant, the infection numbers at FMC Lexington have improved substantially since the Order Directing the Government to Respond was entered. *See* ECF No. 40 at PageID.236 (reporting "439 active infections among inmates and 11 among staff").

*Moderna COVID-19 Vaccine*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html [https://perma.cc/6256-8TP8] (last visited Feb. 1, 2021). Accordingly, absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is "extraordinary and compelling" for purposes of § 3582(c)(1)(A). The Motion for Reconsideration will be denied.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 38, is **DENIED WITH PREJUDICE**.

Dated: February 3, 2021                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Joseph Gerald Smith** #56224-039, LEXINGTON FEDERAL MEDICAL CENTER, Inmate Mail/Parcels, P.O. BOX 14500, LEXINGTON, KY 40512 by first class U.S. mail on February 3, 2021.

                                                     s/Kelly Winslow
                                                     KELLY WINSLOW, Case Manager