UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 1:17-cr-20753

v.                                            Honorable Thomas L. Ludington
                                                United States District Judge

JOSEPH GERALD SMITH,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

In February 2018, Defendant Joseph Gerald Smith pleaded guilty to one count of distribution of cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(C). ECF No. 20. On June 8, 2018, he was sentenced to 77 months' imprisonment followed by three years of supervised release. ECF No. 27. He is imprisoned at FCI Allenwood in White Deer, Pennsylvania.

In July 2020, Defendant filed his first motion for compassionate release, citing health issues related to COVID-19. *See* ECF No. 28. The motion was denied in September 2020. *See United States v. Smith*, No. 17-CR-20753, 2020 WL 5440331 (E.D. Mich. Sept. 10, 2020). Then he filed a motion for reconsideration, ECF No. 38, which was denied in February 2021, *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636 (E.D. Mich. Feb. 3, 2021). Then he appealed, *see* ECF No. 47, but the Sixth Circuit affirmed both denial orders, *see United States v. Smith*, No. 21-1209, 2021 WL 3876943 (6th Cir. Aug. 24, 2021) (unpublished).

Before this Court now is Defendant's second *pro se* motion for compassionate release—his fourth attempt to reduce his sentence to some extent—again citing his health and COVID-19. ECF No. 51. Before the motion was resolved, he filed a "Motion to Consolidate" it "with 18 U.S.C.

3632(d)(4) and Section 101 of the First Step Act of 2018, hereinafter referred to as 'FSA' Time Credits." ECF No. 56 (citation omitted). In substance, the motion to consolidate doubles as a reply to the Government's response, *see* ECF No. 56 at PageID.378–82, and a supplemental argument that, because the BOP declined to authorize prerelease custody based on Defendant's medical conditions, his earned-time credits should be applied to his projected release date, *see id.* at PageID.387–88.

For the reasons stated below, Defendant's motion for compassionate release will be denied.

I.

Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)—a form of relief commonly referred to as "compassionate release." A motion for relief under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. Defendants seeking compassionate release must request a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust all administrative rights" or (2) wait until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, then the court may deny compassionate release without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## II.

### A.

The first issue is whether, before filing his motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

This Court will assume that Defendant exhausted his administrative remedies. Defendant contends he exhausted his administrative remedies because he submitted a request for compassionate release to the BOP on September 19, 2022, to which the BOP failed to respond within 30 days. ECF No. 51 at PageID.294. The Government argues that "[Defendant] did not comply with § 3582(c)(1)(A)'s mandatory exhaustion requirement." ECF No. 52 at PageID.359. It has provided an email correspondence in which BOP staff states, "Allenwood advised [Defendant] did not make a request to the Warden." ECF No. 53 at PageID.370. Forty-three days passed between Defendant's alleged BOP request and the signed date on his motion for compassionate release. *Compare* ECF No. 51 at PageID.294, *with id.* at PageID.300. That time suggests that Defendant requested compassionate release then waited 30 days. For he had no apparent incentive to withhold his request longer than necessary. Nor has the government raised one. For these reasons, Defendant exhausted his administrative remedies.

## B.

The next issue is whether "extraordinary and compelling reasons" warrant a reduction. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release," *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020), the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step-two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). The Sixth Circuit has endorsed a textual analysis and requires courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D.

Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances two reasons for compassionate release: (1) a heightened risk of COVID-19 due to his age, medical issues, and prior COVID-19 diagnosis, *see* ECF No. 51 at PageID.298, and (2) earned FSA time credits he believes apply to his prerelease custody, *see* ECF No. 56 at PageID.386–88. But neither reason is extraordinary or compelling.

i.

Defendant is 57 years old and has experienced obesity, heart failure, and respiratory issues. *See* ECF No. 51 at PageID.303–304. He has also had respiratory failure from COVID-19. *Id.* at PageID.304. And he is confined to a wheelchair and prescribed a C-Pap and oxygen concentrators to assist breathing. *Id.* at PageID.313. The Government acknowledges that these ailments increase Defendant's risk of COVID-19. ECF No. 52 at PageID.361.

But Defendant is fully vaccinated against COVID-19. *See* ECF No. 51 at PageID.309. And transmission of COVID-19 is less frequent in prisons than it once was. When Plaintiff filed his reply, some 0.1% of inmates nationwide had COVID-19, but none were at FCI Allenwood. ECF No. 52 at PageID.364. True, FCC Allenwood now has 25 such diagnosis, but they all seem to be at FCI Allenwood Low rather than FCI Allenwood Medium, where Defendant is located. *See* Federal Modified Operational Level, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/index.jsp [https://perma.cc/ZVC9-RSBP]. Numerous courts, including this Court, have found that COVID-19 is neither extraordinary nor compelling for purposes of § 3582(c)(1)(A). *E.g.*, *United States v. Hogg*, 592 F. Supp. 3d 627, 631 (E.D. Mich. 2022); *United States v. Burlingame*, 586 F. Supp. 3d 705, 711–12 (E.D. Mich. 2021) (collecting cases).

And, as the Sixth Circuit Court of Appeals has emphasized, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)).

Nor are Defendant's health diagnoses extraordinary or compelling. *See United States v. Jackson*, No. 19-cr-20396, 2022 WL 107577 (E.D. Mich. Jan. 11, 2022) (denying compassionate release to inmate with hypertension and asthma because he had received the COVID-19 vaccine); *United States v. Banks*, No. 18-cr-20462, 2022 WL 2679417 (E.D. Mich. July 11, 2022) (denying compassionate release to inmate suffering from COPD, lupus, high blood pressure, arthritis, and obesity because she had access to the COVID-19 vaccine); *United States v. Mukherjee*, No. 4-cr-50044, 2022 WL 2703955 (E.D. Mich. July 12, 2022) (denying compassionate release to 80-year-old inmate with hypertension, diabetes, obesity, kidney disease, and enlarged prostate because he had received the COVID-19 vaccine and recovered from a prior infection, such that his "proven resilience to COVID-19 belies the alleged comorbidity of his diagnoses").

**ii.**

Defendant next asserts that the time credits he earned under 18 U.S.C. § 3632(d)(4) ("FSA Time Credits") are extraordinary and compelling. Specifically, he alleges he earned 370 days of FSA Time Credits that apply to his prerelease custody or supervised release. ECF No. 56 at PageID.387; *see also* 18 U.S.C. § 3632(d)(4)(C) ("Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release.").

But the FSA does not warrant the relief Defendant seeks. The BOP denied Defendant's referral to prerelease custody based on his medical conditions. *See* ECF No. 56 at PageID.387. Defendant argues that, because the BOP did not place him in prerelease custody, his FSA time credits should be applied to his term of imprisonment. *Id.* But the text of the FSA is clear: FSA credits apply to only "prerelease custody or supervised release," *not* to a term of imprisonment. 18 U.S.C. § 3632(d)(4)(C). And determining prerelease custody is solely within the BOP's discretion. *United States v. Pulido*, No. 19-CR-20615, 2022 WL 3005984, at *1 (E.D. Mich. July 28, 2022) (citing *United States v. Parks*, No. 1:17CR137, 2019 WL 5085968, at *2 (N.D. Ohio Oct. 10, 2019)). For these reasons, Defendant's argument regarding the application of his FSA Time Credits is neither extraordinary nor compelling.

Yet Defendant's FSA Time Credits should be applied to his time on supervised release if he is not approved for prerelease custody before his term of imprisonment ends. If Defendant's FSA Time Credits are not applied to his supervised release term, then he may challenge the computation of his time credits under 18 U.S.C. § 2241.

### iii.

Similarly, Defendant's reasons, taken in concert, do not support a sentence reduction. *United States v. Lemons*, 15 F.4th 747, 747 (6th Cir. 2021) ("[T]he combination of grounds for release, none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.' " (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))); *see also United States v. Hunter*, 12 F.4th 555, 563 n.3 (6th Cir. 2021) (declining to determine "how the combination of the factors compounded the reasons for" a sentence reduction when the factors included a non-retroactive change in sentencing law, facts that existed at sentencing, and the defendant's rehabilitation); *United States v. McKinnie*, 24 F.4th 583, 589 (6th

Cir. 2022) ("[T]he district court acted within its discretion by declining to find that these aggregate considerations necessitated a sentence modification." (citing *Lemons*, 15 F.4th at 749)).

Therefore, Defendant has not demonstrated an extraordinary or compelling reason for a sentence reduction.

### C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

This Court could decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But, to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> > . . . .
> (5) any pertinent policy statement—
> > . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

This Court has already sentenced Defendant after considering the § 3553(a) factors. *See* ECF No. 516. That "initial balancing of the § 3553(a) factors during [Defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021). And this Court considered the factors again in denying Defendant's first motion for compassionate release. *United States v. Smith*, No. 17-CR-20753, 2020 WL 5440331, at *2 (E.D. Mich. Sept. 10, 2020). Defendant has not demonstrated any flaw in this Court's analysis.

The § 3553 factors again weigh against a sentence reduction. As the Sixth Circuit noted, Defendant's "criminal history started in 1989, and, except for periods of incarceration, continues more or less unabated through the date he committed the offense in this case." *United States v. Smith*, No. 21-1209, 2021 WL 3876943, at *2 (6th Cir. Aug. 24, 2021) (unpublished). Defendant's crimes include theft, burglary, cocaine dealing, and several sex offenses including indecent

exposure and failure to register as a sex offender. ECF No. 32 at PageID.171. Plus, the BOP disciplined him twice in January 2022: once for possessing an unauthorized item and once for engaging in sexual acts. ECF No. 51 at PageID.317. And Defendant has served about 60 months of his 77-month sentence. *Id.* at PageID.316. He has a home-detention eligibility date of February 1, 2023, and a projected release date of August 1, 2023. *Id.* at PageID.322. Yet Defendant does not argue his sentence was unfairly long. On the contrary, he acknowledges that his sentence "gave [him] time to think about how [he] was living, and how [he] could have received a lot more time than [he] got." *Id.* at PageID.296.

The only other factor that has changed since Defendant's prior denial is § 3553(a)(2). Defendant is remorseful and will "never commit this offense ever again." ECF No. 51 at PageID.295. Plus, he has a plan for his release: to live with his brother in Mt. Pleasant, Michigan. *Id.* at PageID.319. And, as the BOP determined in an FSA Recidivism Risk Assessment, Defendant has a low risk of recidivism and violence. *Id.* at PageID.326. Also, doctors have recommended that he not stand for prolonged periods or lift more than 15 pounds. *Id.* at PageID.319. His limited strength and mobility cabin the number and type of crimes he could commit. He has also educated himself and developed employable skills in prison, including obtaining a GED. *Id.* at PageID.333. And he has drafted a résumé for potential employers. *Id.* at 345.

But that single factor does not outweigh the others. Defendant is receiving significant medical treatment, including specialized equipment, for his numerous health conditions in prison. *Id.* at PageID.303–314. Yet he has not presented any plan for how he would obtain the same if released. Although Defendant's self-improvement and remorse is commendable, it does not outweigh his criminal history, the length of time remaining on his sentence, his misbehavior in confinement, or the nature and circumstances of the crimes for which he is currently imprisoned.

On the contrary, "that behavior is expected of all inmates and is in no way exceptional." *Mahan v. Douglas*, No. 1:22-CV-10490, 2022 WL 17352566, at *2 (E.D. Mich. Dec. 1, 2022); *cf. United States v. Mukherjee*, No. 4:4-CR-50044-1, 2022 WL 2703955, at *6 (E.D. Mich. July 12, 2022) (holding that "being an exemplary inmate" is not "an extraordinary and compelling reason for compassionate release" (citing *United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021))).

For these reasons, Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today or that consideration of the § 3553(a) factors warrant a sentence reduction. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 BELMONT L. REV. 267, 272 (2014) ("Section 3553(a)(2) requires that a defendant's sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))). Consequently, his Motion will be denied.

## III.

Accordingly, it is **ORDERED** that Defendant's for Compassionate Release, ECF No. 51, is **DENIED WITH PREJUDICE**.

Dated: December 15, 2022                         s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge